## PILLARS v MARYLAND CASUALTY CO.

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 11,569.   Decided June 15, 1931

Spring & Sayre, Cleveland, for Pillars.

Fackler & Demson, Cleveland, for Maryland Casualty Co.

MAUCK, PJ and MIDDLETON, J, (4th Dist), and FARR, J, (7th Dist), sitting.

MIDDLETON, J.

If the second contract was made in settlement of the claims of fraud in the original purchase by Pillars, the fact of such nonperformance of the new contract leaves the plaintiff with all of his original rights unaffected by the provisions of the second contract.

Farley v Railway, 24 O. C. C. (N.S.) 12.
Frost v Johnson, 8 Ohio, 393.
Hasse v Bolton Mortgage Company, 29 Oh Ap 192.

The fact as to whether the second contract was made in settlement of the plaintiff's rights growing out of fraud in the original transaction with the Brokerage Company was and is a question for a jury. As reflecting on that question the plaintiff would have the right to submit in evidence all the facts attending and surrounding the making of the new contract which would be explanatory of any matter connected with that contract and not explained therein.

The authorities referred to here by the Casualty Company grow out of transactions in which the Bonding Company was surety for the payment of money. The Casualty Company in the instant case is a creature of the General Code of this, state, and its function is to indemnify the public against loss from the things pleaded in the petition. The court is not prepared to say, therefore, that its liability for the fraud of the Brokerage Company in the original transaction may be released by a subsequent transaction between its principal and the complainant equally as fraudulent to the rights of the plaintiff as the original sale of the

bond. The case made by the pleadings is a case for the jury and the evidence which is competent to go to the jury may eventually develop that the Casualty Company in its answer to the pettion has failed to state any defense to the claims of the plaintiff.

The judgment of the trial court was erroneous, and it is reversed and the case remanded to that court for further proceedings according to law.

MAUCK, PJ, and FARR, J, concur.